UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Damien Allen Ramsey,

    Defendant.

**ORDER**
Crim. No. 17-124 (01) (MJD/LIB)

_____

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Keala C. Ede, Assistant Federal Defender, Counsel for Defendant.

_____

The above-entitled matter comes before the Court on Defendant's objections to the Report and Recommendation of Magistrate Judge Leo I. Brisbois dated August 10, 2017.

First, Defendant objects to the recommendation that the Court deny his motion to suppress evidence obtained following an inventory search of the van driven by Defendant shortly before his arrest. The Magistrate Judge denied the motion because Defendant failed to demonstrate that he had standing to challenge the search of the van. Defendant also objects to the recommendation that his motion to suppress DNA evidence be denied as the government failed to

1

show the Minnesota State Court Order authorizing the taking of the saliva sample was supported by a warrant, probable cause or exigent circumstances.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review and the submissions of counsel, the Court adopts the Report and Recommendation and will deny Defendant's motions to suppress evidence and the DNA sample.

Defendant's argument as to standing to challenge the search of the van is foreclosed by the recent decision of the Eighth Circuit in <u>United States v. Long</u>, ___ F.3d ___, 2017 WL 3741873 at *3 (8th Cir. Aug. 31, 2017) in which the court held that there is no reasonable expectation of privacy where the contractual authorized driver of a rental car did not directly provide the defendant permission to drive that car. As applied here, there is no dispute that the owner of the van did not directly provide Defendant permission to drive the van. Accordingly, he does not have a reasonable expectation of privacy in the search of the van, and therefore lacks standing to challenge the search. Because he lacks standing, the Court need not address the legality of the search of the van and the two cellular telephones identified in Defendant's motion.

With respect to Defendant's challenge to the DNA sample, the government

demonstrated that such sample was taken pursuant to an Order issued by a Minnesota State Court Judge or the Seventh Judicial District dated January 6, 2017. (Gov't Ex. 4.) Said Order was issued pursuant to Minnesota Rules of Criminal Procedure 9.02, subdiv. 2 (1)(f)[1] and the court's finding that "the discovery procedures indicated in the Motion by Prosecuting Attorney for Discovery by Order of the Court will be of material aid in determining whether the Defendant in the above-entitled matter committed the offense charged." As Defendant has failed to articulate a basis for finding the Minnesota State Court Order was issued in violation of the Rule or law, the Court will deny the motion to suppress DNA evidence.

IT IS HEREBY ORDERED Defendant's Motion to Suppress Evidence of Searches and Seizure [Doc. No. 31] is DENIED.

Date: September 19, 2017

                                             s/ Michael J. Davis
                                             Michael J. Davis
                                             United States District Court

---

[1] This Rule provides that [o]n the prosecutor's motion, with notice to the defense and a showing that one or more of the discovery procedures described below will materially aid in determining whether the defendant committed the offense charged, the court before trial may, subject to constitutional limitations, order a defendant to . . . permit the taking of . . . saliva . . . that do not involve unreasonable intrusion."